PATRICK HANCOCK, a Minor, by Dolores Hancock, his Next Friend, Plaintiff-Appellant, *v.* TERRY A. LUETGERT, Defendant-Appellee.

Second District (2nd Division)    No. 75-525

Opinion filed August 9, 1976.

Peter Donat, of Donat & Donat, of Batavia, for appellant.

William F. Castillo, of Brady, McQueen, Martin, Callahan & Collins, of Elgin, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Plaintiff appeals from orders entered upon defendant's motion dismissing plaintiff's amended complaint for personal injuries for failure to state a cause of action.

On September 4, 1974, plaintiff (by his next friend) filed a complaint seeking to recover damages for injuries sustained "on or about July 1, 1973." The complaint alleged in substance that plaintiff, a 10-year-old boy, and Mark Archers, an 8-year old, "asked, or were asked," at defendant's residence "whether they could do some yard work," which the boys did, "including raking and pulling weeds"; that defendant gave both boys "a sickle or sickles or other sharp instrumentality to use while working"; that they exercised due care for their safety; that "while on or near an incline and on or near a gravel path Patrick Hancock came into violent contact with a sickle or other sharp instrumentality" and sustained injury to his left hand; that defendant negligently (a) supplied the plaintiff with the sickle, (b) allowed plaintiff to use it "while on her premises," (c) allowed plaintiff to use it without exercising reasonable care in supervising "when a minor was using a dangerous instrument on her premises," and (d) failed to exercise a reasonable degree of care "under the circumstances."

Defendant moved to dismiss based merely on the insufficiency of the complaint and the failure of its allegations to state a cause of action against her. On December 18, 1974, the trial court granted the motion, dismissed the complaint, and gave plaintiff leave to file an amended complaint within 30 days.

Plaintiff's amended complaint was virtually identical except for the addition of an allegation that "it * * * became the duty of the defendant not to give or provide to minor children of the above mentioned ages inherently dangerous instrumentalities to use," and the duty of the defendant to "maintain * * * supervision to be sure the minor children were not injured because of the presence of such instrumentalities." The amended complaint also alleged that while so engaged, and "at an instant when the plaintiff set the sickle or other sharp instrumentality down on or near an incline and on or near a gravel path, the plaintiff slid or slipped and came into violent contact with the sickle * * * ."

Defendant moved to dismiss the amended complaint "for the reason that [it] is substantially insufficient in law and fails to state a cause of action." Upon that motion, the trial court entered an order on May 22, 1975, dismissing the amended complaint and denying leave to file a further amended complaint. On June 20, plaintiff filed a motion for a rehearing on defendant's motion to dismiss and for vacation of the May 22 order, or in the alternative, for leave to file an amended complaint. On July 29, after hearing, the trial court entered an order "that the order of

May 22, 1975, shall stand and the cause is dismissed for failing to state a cause of action."

Plaintiff's appeal is directed only to the orders of dismissal, not to the denial of leave to file an amended complaint. The principle issue presented by plaintiff is the legal sufficiency of plaintiff's amended complaint.

■■ The requirement of the Civil Practice Act that "[p]leadings shall be liberally construed" (Ill. Rev. Stat. 1973, ch. 110, par. 33(3)) "will not avail to sustain a complaint which wholly fails to state a cause of action" (*Sparling v. Peabody Coal Co.*, 16 Ill. App. 3d 301, 305). A cause of action for negligence must set forth proper allegations of a breach by defendant of a duty owed to the plaintiff. (*Boyd v. Racine Currency Exchange, Inc.*, 56 Ill. 2d 95, 97.) The existence of a duty "is a question of law to be determined by the court." (*Barnes v. Washington*, 56 Ill. 2d 22, 26.) While a motion to dismiss admits all facts well pleaded and the reasonable inferences and intendments therefrom, it does not admit conclusions of the pleader. (*Sundin v. Hughes*, 107 Ill. App. 2d 195.) The mere allegations that a defendant's negligence caused an injury and that defendant had a duty with respect thereto are conclusions of the pleader. The amended complaint was based on the allegation of duty "not to give or provide minor children" aged 10 and 8 "inherently dangerous instrumentalities" (*i.e.*, a sickle), and to require maintenance of such supervision as would insure against any injury resulting therefrom. The plaintiff was not in fact using the sickle when he sustained his injury. The amended complaint alleged that he "slid or slipped" and that his left hand came in contact with the sickle as he fell.

■■ Moreover, no case has been called to our attention by the plaintiff which holds that a sickle is an inherently dangerous instrumentality. It will be sufficient to refer to one of the cases cited by the defendant on that question: *Van Skike v. Zussman*, 22 Ill. App. 3d 1039, 1043, 1044. That case involved the sale by a retailer of lighter fluid (in addition to a toy cigarette lighter) to a 6-year-old plaintiff. In affirming the trial court's dismissal of the complaint for failure to state a cause of action the court concluded that "lighter fluid is not inherently dangerous," and noted that there was an absence of any allegation that defendant was placed on notice that an improper use was contemplated. (See also *Lance v. Senior*, 36 Ill. 2d 516, 518-19, and *Pitts v. Basile*, 35 Ill. 2d 49, 51-52.) Like lighter fluid, a sickle is not inherently dangerous. The possibility always exists that a minor, after setting it down, may slip and fall on it, and sustain injuries. As in *Van Skike* the mere possibility of such occurrence was not of such character that reasonable prudence and foresight would forecast its happening.

■■ We therefore conclude that the amended complaint in the case at

bar failed to state a cause of action. The special duty of the courts to protect the rights of minors, recognized in *Muscarello v. Peterson*, 20 Ill. 2d 548, which is invoked by the plaintiff, surely does not permit this court to sustain plaintiff's insufficient amended complaint.

■■ Plaintiff also argues that this case should be reversed and remanded because of defendant's failure to specify in her motion to dismiss "wherein the pleading * * * is insufficient," as required by subparagraphs (1) and (2) of section 45 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, pars. 45(1) and 45(2)). We note that the defendant failed to specify in both motions to dismiss filed in the case at bar, which the trial court granted, the insufficiencies of the original complaint and the amended complaint. The record on appeal does not include a transcript of the hearing before the trial court on defendant's motion addressed to the original complaint. Nevertheless, we must assume that plaintiff was advised either at that hearing or otherwise of certain insufficiencies because he did file an amended complaint alleging duty. We have before us the transcript of the hearing on defendant's motion to dismiss the amended complaint. That transcript shows the insufficiency which was relied upon by the defendant was the lack of adequate showing in the amended complaint of a legal duty on the defendant's part, and the cases related to that argument. It is clear, therefore, that defendant did specify the insufficiency of the amended complaint at the hearing on May 22, 1975, which resulted in the order of dismissal.[1] Likewise, at the hearing on July 29, 1975, on plaintiff's motion for reconsideration, both counsel again addressed themselves to the basic question of whether the failure of the amended complaint (grounded on negligence) to show a requirement of duty required dismissal of the amended complaint. Prior to that argument plaintiff also pointed out the failure of the motion to dismiss to specify the defects complained of. While unquestionably defendant should have specified in her motion the defects and insufficiencies of the amended complaint (and the trial court likewise should have required defendant to do so), the result would have been the same.

Therefore, the judgment of the circuit court of Kane County is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.

---

[1] As stated earlier in this opinion that order also denied plaintiff leave to file a further amended complaint. While plaintiff has not appealed from that denial, our examination of the record discloses that neither at that hearing nor at the hearing on July 29, 1975, did plaintiff submit, with his request for leave to file a further amended complaint, a copy of any proposed amendment. Under such circumstances there was no error in denying leave to amend further. See *People ex rel. Scott v. Cardet International, Inc.*, 24 Ill. App. 3d 740, 748, and cases cited therein.