KARA KRISTINE KIRBY, a Minor by Toni L. Kirby, her Mother and Next Friend, Plaintiff-Appellant, v. MACON PUBLIC SCHOOL DISTRICT NO. 5, Defendant-Appellee.

Fourth District   No. 4—87—0579

Opinion filed May 5, 1988.

Gary F. Geisler and Jeffrey S. Geisler, both of Geisler, Waks & Geisler, of Decatur, for appellant.

Nicholas J. Neiers and Martin D. Hoke, both of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The plaintiff appeals the order of the circuit court of Macon County dismissing her first-amended complaint for failure to state a cause of action. The plaintiff alleges that the complaint was sufficient to state a cause of action for negligence-premises liability and for wilful and wanton conduct.

We reverse in part and affirm in part.

As the parties are familiar with the facts involved, only those pertinent to our disposition shall be reiterated.

On September 5, 1986, the plaintiff filed suit against the defendant alleging negligence-premises liability (count I) and negligent supervision (count II). The complaint was based upon an incident that occurred on September 10, 1984, when the plaintiff, Kara Kristine Kirby, sustained personal injuries after falling from a slide on defendant's premises. On December 31, 1986, the court granted the defendant's motion to dismiss the complaint with prejudice. The court thereafter vacated the dismissal, granting the plaintiff the right to file a first-amended complaint.

On April 22, 1987, the plaintiff filed her first-amended complaint alleging two counts of negligence-premises liability and two counts of wilful and wanton conduct. The negligence-premises liability counts of the complaint stated that during recess on September 10, 1984, the plaintiff, while on the top platform of a slide, was bumped and/or shoved by another student causing her to fall to the asphalt surface 12 feet below, suffering serious facial and head injuries. The defendant's negligence was based upon the fact:

"a. It allowed a slide 12 feet in height to be on its premises available to the children, but without any railings or bars to prevent a standing child from falling when bumped and/or shoved by another child.

b. It allowed the slide to be located over a surface (12 feet below) made of asphalt with no padding, cushion or other protective covering for the safety of a child who might fall from the top of a slide.

c. It allowed the slide to remain on the playground after other students had fallen from the top and been injured."

The wilful and wanton conduct counts alleged the same factual basis and further asserted the defendant:

"[B]y and through its agents, servants or employees committed one or more of the following wilful and wanton acts or omissions, knowing or with conscious disregard of the fact that said acts or omissions created a foreseeable risk of harm to persons occupying its premises:

a. It willfully and/or consciously allowed a slide 12 feet in height to be on its premises available to the children but without any railings or bars to prevent a standing child from falling when bumped and/or shoved by another child.

b. It willfully and/or consciously allowed the slide to be located over a surface (12 feet below) made of asphalt with no padding, cushion or other protective covering for the safety of a child who might fall from the top of the slide.

c. It willfully and/or consciously allowed the slide to remain on the playground after other students had fallen from the top and been injured.

d. Willfully and/or consciously failed to provide adequate supervision of Defendant's playground.

e. Willfully and/or consciously furnished and provided its students with defective playground equipment knowing or with conscious disregard of the fact that said defective slide was liable and likely to cause injury."

On August 10, 1987, the court dismissed the complaint with prejudice, specifically citing the cases of *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177, *Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 219 N.E.2d 483, and *Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 507 N.E.2d 19. From this order, the plaintiff appeals.

■ In reviewing an order granting a motion to dismiss, all well-pleaded facts, as well as any reasonable inferences drawn therefrom, must be taken as true. (*Vaughn v. General Motors Corp.* (1984), 102 Ill. 2d 431, 466 N.E.2d 195; *Knapp v. City of Decatur* (1987), 160 Ill. App. 3d 498, 513 N.E.2d 534.) The granting of such motion should be affirmed on appeal when no set of facts can be proved under the pleadings which would entitle the plaintiff to relief. *Vaughn,* 102 Ill. 2d 431, 466 N.E.2d 195; *Knapp,* 160 Ill. App. 3d 498, 513 N.E.2d 534.

■ In *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, the Illinois Supreme Court established the requisites for a cause of action sounding in negligence-premises liability where children are involved. The court disregarded the attractive nuisance doctrine and deemed that liability should be premised upon ordinary

principles of negligence. (*Kahn*, 5 Ill. 2d at 624, 126 N.E.2d at 841.) The touchstone of liability is thus predicated upon a test of foreseeability of harm. *Kahn*, 5 Ill. 2d at 625, 126 N.E.2d at 842.

■ As a general rule a landowner-occupier has no duty to take special precautions to insure the safety of children. (*Kahn*, 5 Ill. 2d at 625, 126 N.E.2d at 841.) An exception to this rule exists, however, where: (1) the landowner-occupier knows or should know that children frequent the premises; and (2) a child is injured by a dangerous condition on the premises. (*Kahn*, 5 Ill. 2d 614, 126 N.E.2d 836; see also *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177; *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023.) Where both of these factors are present, harm to children is deemed to be foreseeable and the owner has a duty to remedy the situation. *Corcoran*, 73 Ill. 2d at 326, 383 N.E.2d at 179-80.

■ A "dangerous condition" is defined as one which is likely to cause injury to children who, by reason of their age and immaturity, would not be expected to comprehend and avoid the attendant risk. (*Corcoran*, 73 Ill. 2d at 326, 383 N.E.2d at 179.) Where, however, the condition complained of presents an obvious risk which children would be expected to appreciate and avoid, there is no duty. (*Corcoran*, 73 Ill. 2d at 326, 383 N.E.2d at 180; *Cope*, 102 Ill. 2d at 286, 464 N.E.2d at 1027.) The burden rests upon the plaintiff to allege sufficient relevant facts for the court to conclude that a dangerous condition exists. *Corcoran*, 73 Ill. 2d at 328, 383 N.E.2d at 181.

■ In *Alop*, relied upon by the trial court herein, the court refused to impose liability upon the defendants where the plaintiff fell from a playground slide. (*Alop*, 154 Ill. App. 3d 482, 507 N.E.2d 19.) In affirming the trial court's order granting summary judgment on behalf of defendants, the appellate court concluded that falling from a playground slide was an obvious risk. *Alop*, 154 Ill. App. 3d at 487-88, 507 N.E.2d at 23.

The determination in *Alop*, however, is distinguishable from the case before us now, both procedurally and factually. Procedurally, that disposition resulted from a summary judgment and not a motion to dismiss. Factually, there was no allegation that the slide was defective due to a lack of protective railings. These two factors warrant a different disposition here. Based upon the complaint presented, these allegations if proved would permit the jury to infer that the top of the slide was not reasonably equipped with protective railings to prevent children from falling off the top platform. These allegations are sufficient to support a determination that the slide was a dangerous condition. As a result, the court erred in dismissing

the plaintiff's allegations of negligence-premises liability (counts I, II).

■■ Wilful and wanton conduct is defined as an intentional act or one "committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it would have been discovered by ordinary care." (*Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 429, 412 N.E.2d 447, 457.) In order to state a cause of action for wilful and wanton conduct, the plaintiff must allege facts from which the law would raise a duty and which would show the intentional breach of such duty resulting in an injury. (*Booker v. Chicago Board of Education* (1979), 75 Ill. App. 3d 381, 385, 394 N.E.2d 452, 455.) The mere conclusory allegations of wilful and wanton misconduct are not sufficient. *Booker*, 75 Ill. App. 3d at 385, 394 N.E.2d at 455; see also *Guyton v. Roundy* (1985), 132 Ill. App. 3d 573, 477 N.E.2d 1266.

■■ The plaintiff claims the defendant's conduct of allowing the slide on the playground without guardrails after other children had been injured constitutes a conscious disregard for the safety of the children. This conduct does not, however, in our opinion demonstrate an utter and conscious disregard for the safety of the children. Although the defendants may have failed to provide sufficient protection, this does not rise to the level of conduct contemplated by a wilful and wanton claim. As such, the plaintiff's claim of wilful and wanton conduct was properly dismissed.

Based on the foregoing, the order of the circuit court of Macon County is affirmed in part, reversed in part and remanded.

*Affirmed in part; reversed in part and remanded.*

LUND and KNECHT, JJ., concur.