SAILENDRA N. BASU *et al.*, Plaintiffs-Appellees, v. RUSSELL T. STELLE, Defendant-Appellant.

Second District   No. 2—92—0386

Opinion filed November 17, 1992.

Joseph M. Laraia and Kenneth D. Hubbard, both of Joseph M. Laraia & Associates, P.C., of Wheaton, for appellant.

David J. Chroust, of Drendel, Schanlaber, Horwitz & Tatnall, of Aurora, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Russell T. Stelle, defendant, appeals from an order granting summary judgment in favor of Sailendra N. Basu, D. Chet McKee, and Robert D. Marcley, plaintiffs. For the following reasons, we affirm.

On November 20, 1987, defendant executed three separate promissory notes, each in the amount of $13,333.33. The notes were payable to Sailendra N. Basu, D. Chet McKee, and Robert D. Marcley, respectively. The terms of each note were identical, requir-

ing defendant to pay the named payee "the sum of Thirteen Thousand Three Hundred Thirty Three and 33/100 Dollars ($13,333.33), together with interest at the rate of eight and one half percent (8.5%) per annum, payable as follows:

A. Principal payment of Six Thousand Six Hundred Sixty Six Dollars and 67/100 ($6,666.67) together with accrued interest on or before July 15, 1990 (subject to the provisions of paragraph C hereafter).

B. The balance of principal together with accrued interest on or before July 15, 1992 (subject to the provisions of paragraph C hereafter).

C. Notwithstanding the above, in the event that Stelle pays Claimant the entire amount of Thirteen Thousand Three Hundred Thirty Three Dollars and 33/100 ($13,333.33) [or $40,000 based on all three notes] on or before July 15, 1990, then no interest shall be assessed, and the interest set forth in paragraphs A and B above is waived."

The note provided for payment to plaintiffs through their attorney, Richard L. Horwitz.

On November 9, 1990, plaintiffs filed a complaint alleging that defendant failed to tender payment in a timely manner and to remit accrued interest as required by the terms of the notes. Specifically, the complaint alleged that on August 23, 1990, defendant mailed a letter dated July 15, 1990, to Horwitz. Enclosed was a check dated July 15, 1990, in the amount of $20,000 and a copy of the trust deed securing the notes. The letter stated that the check was "to cover payment to you for the enclosed Morgage [sic] payment." Plaintiffs contend that defendant breached the terms of the notes by failing to tender payment pursuant to paragraph A of the notes on or before July 15, 1990, and by failing to include accrued interest in such payment. Thus, plaintiffs sought a judgment against defendant in the amount of $30,064.28 plus interest and attorney fees.

On April 15, 1991, plaintiffs filed a motion for summary judgment. The motion asserted that plaintiffs were entitled to summary judgment as a matter of law on the basis of the following language in section 3—307(2) of the Uniform Commercial Code—Commercial Paper (Code):

"When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the

defendant establishes a defense." Ill. Rev. Stat. 1989, ch. 26, par. 3—307(2).[1]

Defendant's response admitted that he executed the promissory notes. However, he asserted in his affirmative defense that no interest was due on the notes because the trust deed securing the notes contains no provision for interest and that plaintiffs' attorney, Richard Horwitz, advised defendant to pay $20,000 on the note because no interest was due. Defendant also asserted that he tendered payment to Horwitz prior to July 15, 1990, and that he was not in default.

On June 6, 1991, the trial court granted plaintiffs' motion for summary judgment and entered judgment against defendant for the sum of $31,691.07. After a hearing where the court assessed attorney fees, defendant appealed. The sole issue on appeal is whether the court erred in entering summary judgment in favor of plaintiffs.

■ The purpose of summary judgment is not to try the issues, but to determine whether any triable issues exist. (*Vesey v. Chicago Housing Authority* (1991), 145 Ill. 2d 404, 416.) As such, a plaintiff is not required to establish his case as he would at trial. Rather, the moving party must present some factual basis that would arguably entitle him to a judgment in his favor. (*West v. Deere & Co.* (1991), 145 Ill. 2d 177, 182.) A motion for summary judgment should be granted when the pleadings, depositions, and admissions on file, together with the affidavits, reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Balla v. Gambro, Inc.* (1991), 145 Ill. 2d 492, 508.) The trial court's decision to grant or deny a motion for summary judgment is not discretionary. (*Shull v. Harristown Township* (1992), 223 Ill. App. 3d 819, 824.) Thus, the reviewing court must apply the *de novo* standard of review and consider anew the facts and law related to the case. *Shull*, 223 Ill. App. 3d at 824; *Quinton v. Kuffer* (1991), 221 Ill. App. 3d 466, 471.

■ The holder of a promissory note may recover under section 3—307(2) of the Uniform Commercial Code—Commercial Paper, by producing the instrument where the signatures are not in dispute,

---

[1]Article 3 of the Uniform Commercial Code—Commercial Paper (Ill. Rev. Stat. 1989, ch. 26, par. 3—101 *et seq.*) was amended effective January 1, 1992. (See Ill. Rev. Stat. 1991, ch. 26, par. 3—101 *et seq.*) Section 3—307(2) was amended and renumbered section 3—308. The statutory language of section 3—307(2), cited above, was in effect at the time of the summary judgment hearing.

provided that the defendant does not establish a defense. (Ill. Rev. Stat. 1989, ch. 26, par. 3—307(2); *Swerdlow v. Mallin* (1985), 131 Ill. App. 3d 900, 907.) In this case, defendant admitted that he executed the promissory notes. However, he asserts in his affirmative defense that he fully complied with the terms of the notes by tendering payment to Horwitz on July 15, 1990, in the amount of $20,000. Defendant contends that no interest was due on the notes because the trust deed securing the notes contains no provision for interest and plaintiffs' attorney, Richard Horwitz, advised defendant to pay $20,000 on the note because no interest was due.

The promissory notes are dated October 31, 1987. The clear and unambiguous terms of the notes require defendant to pay each payee the sum of $6,666.67 on or before July 15, 1990, with interest at the rate of 8.5% per year. The notes provide that defendant would secure the notes by a mortgage on certain named property to "be evidenced by a separate mortgage instrument *** which gives [the payees] a first lien on the property." The trust deed securing the notes was executed between the Northbrook Trust & Savings Bank, the mortgagor, and Richard Horwitz, as trustee, on September 16, 1987. The deed states that the notes were financed at a total of $40,000, with $20,000 payable on July 15, 1990. No provision for interest was included in the trust deed. However, the trust deed was not incorporated by reference or otherwise made part of the notes.

■ Under the parol evidence rule, evidence of a prior or contemporaneous agreement may not be admitted to vary the terms of a complete, certain, and unambiguous instrument. (*Chicago White Metal Casting, Inc. v. Treiber* (1987), 162 Ill. App. 3d 562, 569.) The threshold inquiry for application of the rule is whether the writing was intended by the parties as a final and complete expression of the entire agreement. (*Chicago White Metal Casting*, 162 Ill. App. 3d at 570.) If the face of the instrument indicates no ambiguity regarding the parties' intent that the writing be the complete expression of the entire agreement, the parties are bound by that writing. *Quake Construction, Inc. v. American Airlines, Inc.* (1990), 141 Ill. 2d 281, 288-89.

Unlike article 2 of the Uniform Commercial Code, article 3, applicable to negotiable instruments, does not provide general rules indicating when an instrument may be varied by parol evidence. The only comparable section is section 3—118, which states basic rules of construction applicable to instruments in the case of an am-

biguity, precluding the necessity of parol evidence. Ill. Rev. Stat. 1989, ch. 26, par. 3—118.

■ When construing the terms of a negotiable instrument, courts look to the entire contract in writing and the circumstances under which it was executed. (*Main Bank v. Baker* (1981), 86 Ill. 2d 188, 200-01.) Thus, when a negotiable instrument is executed at the same time as another writing as part of the same transaction, the documents must be read together as a single agreement. (Ill. Rev. Stat. 1989, ch. 26, par. 3—119(1); *Main Bank*, 86 Ill. 2d at 201; *Krilich v. Millikin Mortgage Co.* (1990), 196 Ill. App. 3d 554, 562.) Typical examples of separate writings include agreements providing for a security interest such as a mortgage, chattel mortgage, conditional sale, or pledge. (Ill. Ann. Stat., ch. 26, par. 3—119, Uniform Commercial Code Comment 1, at 85 (Smith-Hurd 1963).) Under these circumstances, parol evidence is admissible for the sole purpose of establishing that the instruments were executed as part of the same transaction. *Main Bank*, 86 Ill. 2d at 201.

■ Although section 3—119 of the Code allows an instrument to be modified by a separate writing executed contemporaneously, "it otherwise follows the parol evidence rule that prior or collateral oral agreements are inadmissible to contradict the express terms of a written instrument." (*Main Bank*, 86 Ill. 2d at 201-02.) The Uniform Commercial Code Comments emphasize that, when there is an outright contradiction between the note and an accompanying written agreement, "the note may be held to stand on its own feet and not to be affected by the contradiction." Ill. Ann. Stat., ch. 26, par. 3—119, Uniform Commercial Code Comment 3, at 86 (Smith-Hurd 1963).

■ In this case, there was no evidence indicating that the notes and the trust deed were executed as part of the same transaction. Rather, the language of the documents indicates that they were executed as separate transactions. Although the notes provide that a security interest in certain property will be taken, the notes and the trust deed are dated 45 days apart. Furthermore, the payees of the notes are not named in the trust deed and did not sign the document. Viewing the entire transaction as a whole, we find the terms of the notes clearly and unambiguously indicate that interest at a rate of 8.5% per year is due and owing and that the notes were intended as a final and complete expression of the agreement between the parties. Thus, the terms of the notes will stand as the complete agreement between the parties.

The record reflects that defendant tendered a check dated July 15, 1990, payable to Richard Horwitz in the amount of $20,000. Assuming the $20,000 payment was timely tendered on July 15, 1990, defendant was still in breach. The terms of the notes required defendant to tender a sum of $6,666.67 to each payee, *with interest*, on or before July 15, 1990. The $20,000 payment, even if timely tendered, did not contain the interest due and owing under the clear and unambiguous terms of the note. Thus, defendant failed to establish a defense sufficient to refute plaintiffs' *prima facie* case. Accordingly, viewing the pleadings, depositions, and admissions on file, together with the affidavits, in the light most favorable to defendant, the nonmoving party, we find no genuine issue as to any material fact and that plaintiffs are entitled to judgment as a matter of law.

For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

Affirmed.

INGLIS, P.J., and BOWMAN, J., concur.