398

RUSSELL MASINELLI *et al.*, Plaintiffs-Appellants, v. CAROLYN Mc-
DONALD, Ex'r of the Estate of Charles McDonald, Deceased, *et al.*,
Defendants-Appellees.

Fourth District   No. 4—93—0120

Argued September 27, 1993.—Opinion filed October 22, 1993.—
Rehearing denied December 1, 1993.

Rick Verticchio (argued), of Phelps, Kasten, Verticchio & Ruyle, of Gillespie, for appellants.

Stephen W. Thomson (argued) and Richard J. Behr, both of Reed, Armstrong, Gorman, Coffey, Thomson, Gilbert & Mudge, P.C., of Edwardsville, for appellees.

JUSTICE GREEN delivered the opinion of the court:

On May 31, 1990, plaintiffs Russell and Anita Masinelli brought suit in the circuit court of Macoupin County against defendant Charles McDonald seeking recovery for fire damage to a building belonging to the Masinellis. Subsequently, Charles McDonald died, and Carolyn McDonald, executor of the estate of Charles McDonald, was substituted as the defendant. Merchant's Property Insurance Company (Merchant's), possessor of subrogation rights pursuant to a policy of fire and extended coverage insurance covering the Masinellis' property, was made an additional plaintiff, and Dennis Tabor was made an additional defendant.

After various disputes concerning pleadings, plaintiffs filed a fourth-amended complaint. All counts alleged that (1) the Masinellis owned a building in Staunton which was next to a building owned by the defendants; (2) on May 13, 1990, the latter building caught fire; and (3) the fire spread to the Masinellis' building, damaging it. All counts alleged that defendants' negligence in the maintenance of their building was a proximate cause of the damage to the Masinellis' building. More particularly, plaintiffs alleged that (1) defendants negligently allowed junk to accumulate in their building, and (2) negligently made or allowed repair to flue piping of a furnace or water heater in their building, which flue piping was improperly joined, and they did so without taking precautions to permit the escape of gas. The Masinellis brought counts I and II. Merchant's brought counts III and IV under the subrogation provision of its policy covering the Masinellis' property.

On November 7, 1991, the court allowed defendants' motion to strike counts I and III in bar of action. On January 12, 1993, the court granted defendants' motions for summary judgment as to counts II and IV. Plaintiffs have appealed. We reverse as to the sum-

mary judgment on counts II and IV and dismiss the appeal from the judgment dismissing counts I and III as moot.

The propriety of the summary judgment is the prime issue in this case. Such a judgment is proper and, indeed, required if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c).) Where the evidence before the court at a hearing for summary judgment would constitute all the evidence before the court at trial, and on that evidence the court would then be required to direct a verdict, then summary judgment should be entered on that evidence even though a genuine issue of material fact exists. (See *Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500.) When a defendant is the movant, the plaintiff has a duty to present evidence sufficient to show the existence of a cause of action. (*Carter v. Dunlop* (1985), 138 Ill. App. 3d 58, 69, 484 N.E.2d 1273, 1281.) As the question of whether the record supports a summary judgment is one of law, the reviewing court makes a *de novo* determination, giving no deference to that of the circuit court. *Shull v. Harristown Township* (1992), 223 Ill. App. 3d 819, 823-24, 585 N.E.2d 1164, 1167.

Plaintiffs' showing of their ability to prove their case consisted almost entirely of the expert testimony of Peter Bodett as set forth in his deposition and written report. He testified that he had gone on the premises on June 7, 19, and 20, 1990, and examined the remains of the buildings and the rubble. He made a reconstruction of flues from water heaters and a furnace that had existed in the McDonald building. He stated that he did this by finding various parts of the flues in the rubble and putting them together. He formed an opinion that because the flues had not been properly connected, the flue gases had escaped from the flues and, by a process called pyrolysis, caused the igniting of the joists holding up the second floor. He maintained the fire then spread up an open area, through an open hatch and to the roof of the McDonald building and, thus, to the Masinellis' building. In Bodett's opinion, allowing the opening of the flues to exist and leaving the hatch to the roof of the McDonald building open was negligence which was a cause of the fire.

Defendants do not contest the expertise of Bodett. Rather, they contend that his opinion was inadmissible because (1) his reconstruction of the flues was based upon an investigation of the premises too long after the fire, and (2) his opinion was based upon speculation,

guess, and conjecture. Defendants also assert that summary judgment in their favor was warranted because no showing was made that Charles McDonald knew of the flues being improperly connected or that any act or omission or commission attributable to any defendant was a proximate cause of plaintiffs' damages.

■■ Expert testimony of reconstruction of apparatus is inadmissible if the reconstruction is based upon inspection of the premises involved when it was not in substantially the same condition as that existing immediately after the event in issue. (*Dyback v. Weber* (1986), 114 Ill. 2d 232, 244-45, 500 N.E.2d 8, 13.) Defendants pointed out that they had made a showing that various people had been on the premises after the fire on May 13, 1990, and before Bodett's inspections of June 7, 19, and 20, 1990. However, the deposition of Bill Buxton, an expert for defendants, indicated he had examined the premises on May 17 and on June 21, 1993, and that conditions on the latter date were substantially the same as they were when he viewed them on May 17, 1990, which was four days after the fire. Moreover, the crucial objects which Bodett considered were parts of the structure which would not have changed and the parts of the flue which were uncovered in the rubble and were not likely to have been changed. Moreover, the flue parts fit together as far as length was concerned. We hold that a sufficient showing was made that relevant objects considered by Bodett were in substantially similar condition to that which existed immediately after the fire.

■■ Defendants' assertion that Bodett's opinion testimony was too speculative and conjectural to stand is based upon his inability to state how long the leak had existed, the rate of the leak, the temperature of the gases at the ignition point, the distance of the ignition point from the alleged leak, the condition of the material at the ignition point, and when the furnace attached to the flue had last been used. Defendants rely upon *Wilson v. Bell Fuels, Inc.* (1991), 214 Ill. App. 3d 868, 873, 574 N.E.2d 200, 203-04, where an opinion by that plaintiff's sole expert based upon assumptions which were contrary to undisputed direct evidence before the court was held insufficient to prevent proper entry of summary judgment against that plaintiff.

Here, Bodett's theory was not based upon any fact shown to be untrue. Buxton testified in a deposition that Bodett's theory that the fire started from escaping gases was "remotely possible," but he would have to know more about the above factors recited by defendants in order to give serious consideration to such a theory. We hold that Bodett's testimony was sufficient for consideration by a trier of

fact, and the weaknesses pointed out by defendants go to its weight rather than its admissibility.

Some proof of defendants' knowledge of the condition of the flues arose from testimony of Charles McDonald presented in an earlier hearing. There, he testified that a representative from his insurer had visited him approximately four months before the fire and requested that he remedy certain conditions which included moving a flue that was two inches from a header. The creation of the gap in the flue structure could have resulted from the work done to correct the condition of which Charles McDonald spoke. The evidence also gives some indication that Charles McDonald was aware of the condition of the flues and, if Bodett's theory was true, Charles McDonald would have known of the condition. Moreover, owners of a building should know of a gap in a flue if it exists. We deem the evidence shown was sufficient to present a question of fact as to whether the owners of the McDonald building knew of the claimed defect in the flues.

No evidence was presented to show that any of the owners knew that a leaking flue would be likely to emit gas that could be ignited, but a trier of fact could conclude that the owners should have known it.

In support of their contention plaintiffs have not made sufficient showing that defendants' conduct was a proximate cause of the fire, defendants cite *McCormick v. Maplehurst Winter Sports, Ltd.* (1988), 166 Ill. App. 3d 93, 98, 519 N.E.2d 469, 473, for a rule that proximate cause must be "shown with reasonable certainty." Various other appellate court opinions have contained similar language. However, the Illinois Supreme Court has never so stated, and the proper rule as stated by this court is that, just as with most other elements in civil cases, the "more probable than not" standard is the appropriate one. (*Homewood Fishing Club v. Archer Daniels Midland Co.* (1992), 239 Ill. App. 3d 102, 119, 605 N.E.2d 1140, 1151.) Here, the proof of proximate causation hangs upon the testimony of Bodett, and we deem his testimony is strong enough to create a question of fact as to that issue.

Accordingly, questions of fact exist in regard to whether defendants are entitled to judgment on counts II and IV. Summary judgments for defendants on those counts must be set aside.

■ Count I was similar to count II, and count III was similar to count IV in every material respect except counts I and III did not allege that the owners of the McDonald building knew or should have known of (1) the existence of the defect in the flues, nor (2) the danger arising from such a defect. Those counts were stricken because of

the failure to make those allegations which were present in counts II and IV. Plaintiffs conceded at oral argument that regardless of whether they were required to make those allegations, they would have to prove those elements of the tort alleged. Under these circumstances, we need not decide whether one or both of those allegations need be alleged because, on remand, a count on behalf of each plaintiff which does make those allegations is before the court. Counts otherwise similar to counts II and IV but not containing allegations of matters which nevertheless need to be proved would serve no useful purpose. Accordingly, the dismissal of counts I and II presents a moot question.

We reverse the summary judgment as to counts II and IV. We dismiss, as moot, the appeal as to the judgment on counts I and III. We remand for further proceedings as to counts II and IV.

Appeal dismissed in part; reversed in part; and cause remanded with directions.

KNECHT and COOK, JJ., concur.