580

HAROLD PAGE III, Deceased, by Harold Page, Jr., Special Adm'r, Plaintiff-Appellant, v. JOHN L. BLANK, Defendant-Appellee.

Fourth District    No. 4—93—0792

Opinion filed May 25, 1994.

Paul E. Bauer and Andrew J. Kleczek, both of Law Offices of Andrew J. Kleczek, of Peoria, for appellant.

Karen L. Kendall and Bradley S. McMillan, both of Heyl, Royster, Voelker & Allen, of Peoria, and Gary S. Schwab, of Heyl, Royster, Voelker & Allen, of Springfield, for appellee.

JUSTICE COOK delivered the opinion of the court:

Plaintiffs Linda and Harold Page filed a negligence complaint on behalf of their minor child Harold Page III (Harold) for injuries he allegedly sustained at the residence of defendant John L. Blank. On August 9, 1993, the trial court granted defendant's motion to dismiss, finding as a matter of law that plaintiffs failed to allege a duty on behalf of defendant. Plaintiffs appealed; the minor died and the father was appointed special administrator to pursue this appeal. We affirm.

Plaintiffs' amended complaint, filed June 10, 1993, alleged that on August 9, 1991, Harold, then 12 years old, went to defendant's residence to build a skateboard ramp with defendant's grandson. According to the complaint, defendant provided various materials, including a hammer, nails, and other tools necessary for building the ramp. During construction, Harold attempted to strike a nail with a hammer and the nail bounced into Harold's eye, resulting in severe injury and loss of vision in that eye. The complaint further alleged:

"(a) The Defendant failed to warn [Harold] of the danger inherent in the use of tools intended for adult use, which the Defendant knew or should have known existed.

(b) That the Defendant failed to provide reasonable and necessary supervision over [Harold,] who was engaged in a dangerous activity.

(c) That the Defendant failed to provide safe and proper equipment for [Harold] to do the activity that was intended.

(d) That the Defendant failed to provide proper instruction to [Harold] in the use of tools intended for adult use.

(e) That the Defendant failed to prevent [Harold] from performing dangerous activity which the Defendant knew or should have known would be dangerous to [Harold]."

The existence of a duty is a question of law to be determined by the court. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 525, 513 N.E.2d 387, 396; *Benner v. Bell* (1992), 236 Ill. App. 3d 761, 764-65, 602 N.E.2d 896, 898-99; *Strode v. Becker* (1991), 206 Ill. App. 3d 398, 406, 564 N.E.2d 875, 880; *Hancock v. Luetgert* (1976), 40 Ill. App. 3d 808, 810, 353 N.E.2d 165, 168.) In reviewing an order granting a motion to dismiss, all well-pleaded facts, as well as any reasonable inferences drawn therefrom, must be taken as true. (*Vaughn v. General Motors Corp.* (1984), 102 Ill. 2d 431, 436, 466 N.E.2d 195, 197; *Kirby v. Macon Public School District No. 5* (1988), 169 Ill. App. 3d 416, 419, 523 N.E.2d 643, 645.) The granting of such motion should be affirmed on appeal when no set of facts can be proved under the pleadings which would entitle the plaintiff to relief. *Kirby*, 169 Ill. App. 3d at 419, 523 N.E.2d at 646.

■ On appeal, plaintiff argues the complaint properly alleged that a landowner had a duty to protect the safety of the children on his property. In *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, the supreme court established the requisites for a cause of action sounding in negligence-premises liability where children are involved. The court held that liability should be premised upon ordinary principles of negligence; the touchstone of liability is thus predicated upon a test of foreseeability of harm. (*Kahn*, 5 Ill. 2d at

624-25, 126 N.E.2d at 841-42.) As a general rule, a landowner has no duty to take special precautions to insure the safety of children. (*Kahn*, 5 Ill. 2d at 625, 126 N.E.2d at 841.) An exception to this rule exists, however, where (1) the landowner knows or should know that children frequent the premises; and (2) a child is injured by a dangerous condition on the premises. (*Kahn*, 5 Ill. 2d at 625, 126 N.E.2d at 842; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 325, 383 N.E.2d 177, 180; *Shull v. Harristown Township* (1992), 223 Ill. App. 3d 819, 825, 585 N.E.2d 1164, 1167; *Kirby*, 169 Ill. App. 3d at 420, 523 N.E.2d at 646.) Where both of these factors are present, harm to children is deemed to be foreseeable and the owner has a duty to remedy the situation. *Corcoran*, 73 Ill. 2d at 326, 383 N.E.2d at 180; *Kirby*, 169 Ill. App. 3d at 420, 523 N.E.2d at 646.

It is undisputed that defendant was aware Harold was on his premises. Plaintiff contends defendant's giving of a hammer and nails to Harold created a dangerous condition on the property. Initially, we note that a hammer and nails are not "inherently dangerous," which would establish a dangerous condition. See *Hancock*, 40 Ill. App. 3d at 810, 353 N.E.2d at 168 (sickle given to 10-year-old plaintiff by landowner for yard work was not an inherently dangerous instrumentality); *Hootman v. Dixon* (1984), 129 Ill. App. 3d 645, 649, 472 N.E.2d 1224, 1227 (building which collapsed when boys intentionally knocked out bricks was not a dangerous condition because it was not "inherently dangerous").

A dangerous condition may also exist where an instrumentality on the premises is likely to cause injury to children who, by reason of their age and immaturity, would not be expected to comprehend and avoid the attendant risk. (*Corcoran*, 73 Ill. 2d at 326, 383 N.E.2d at 180; *Kirby*, 169 Ill. App. 3d at 420, 523 N.E.2d at 646.) Where, however, the condition complained of presents an obvious risk which children would be expected to appreciate and avoid, there is no duty. (*Corcoran*, 73 Ill. 2d at 326, 383 N.E.2d at 180; *Kirby*, 169 Ill. App. 3d at 420, 523 N.E.2d at 646.) The burden rests upon the plaintiff to allege sufficient relevant facts for the court to conclude a dangerous condition exists. (*Corcoran*, 73 Ill. 2d at 328, 383 N.E.2d at 181; *Kirby*, 169 Ill. App. 3d at 420, 523 N.E.2d at 646.) The age of the child is an important factor in determining whether the child would be expected to comprehend and avoid the risk. See W. Keeton, Prosser & Keeton on Torts § 59, at 409 (5th ed. 1984).

■ "It is always unfortunate when a child gets injured while playing, but a person who is merely in possession and control of the property cannot be required to indemnify against every possibility of injury thereon." (*Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74,

79, 219 N.E.2d 483, 486.) Here, we conclude that a 12-year-old boy would be expected to appreciate the risks involved in using a hammer and nails. See *Logan v. Old Enterprise Farms, Ltd.* (1990), 139 Ill. 2d 229, 241, 564 N.E.2d 778, 784 (15-year-old boy expected to appreciate risk of climbing tree); *Shull,* 223 Ill. App. 3d at 829, 585 N.E.2d 'at 1170 (nine-year-old child could comprehend risk of swinging on gate); *Nieman v. Vermilion County Housing Authority* (1981), 101 Ill. App. 3d 735, 739-40, 428 N.E.2d 706, 710 (children expected to appreciate risk of stick in pile of debris); *Bazos v. Chouinard* (1981), 96 Ill. App. 3d 526, 530, 421 N.E.2d 566, 569 (10-year-old girl expected to appreciate risk of jumping from picnic table to tree limb); *cf. Strode,* 206 Ill. App. 3d at 403, 564 N.E.2d at 878 (trial court erred in dismissing cause where plaintiff alleged stationary exercise bicycle was dangerous condition for 2¹/₂-year-old child); *Kirby,* 169 Ill. App. 3d at 420, 523 N.E.2d at 646 (children not expected to appreciate risk of being shoved at top of 12-foot-high slide without protective railings).

Finally, plaintiff contends that a negligent entrustment cause may be inferred from the complaint. While this court has held that an injured entrustee may bring an action against an entrustor for negligent entrustment (*King v. Petefish* (1989), 185 Ill. App. 3d 630, 638, 541 N.E.2d 847, 852), the complaint here does not allege facts sufficient to give rise to such a cause of action. The allegation that defendant provided a hammer and nails to a 12-year-old boy does not suggest the entrustment of a dangerous article to someone defendant knows, or should know, is likely to use it in a manner involving an unreasonable risk of harm to others. *Teter v. Clemons* (1986), 112 Ill. 2d 252, 257, 492 N.E.2d 1340, 1342; see also *Hancock,* 40 Ill. App. 3d at 810, 353 N.E.2d at 168 (complaint alleging defendant had duty not to provide to 10-year-old boy a sickle for yard work did not state cause of action).

Since a hammer and nails are not inherently dangerous and a 12-year-old boy is capable of appreciating the risks associated with using a hammer and nails, defendant did not owe a duty of care to Harold. Accordingly, the trial court's dismissal of the cause was proper.

For reasons stated we affirm the judgment of the circuit court of Sangamon County.

Affirmed.

KNECHT and LUND, JJ., concur.