JAMES BATZEK, Plaintiff-Appellant, v. JUDY BETZ, Indiv. and as Adm'r of the Estate of Stuart Betz, Deceased, d/b/a S & J Ranch, Defendants-Appellees.

Third District   No. 3—87—0431

Opinion filed January 29, 1988.

Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago (Curt N. Rodin, of counsel), for appellant.

Robert M. Hansen, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle (T. Donald Henson, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This is a tragic case involving a 14-year-old boy who fell from a tree located on the defendant's property rendering himself a quadriplegic. The boy, by his parents, charged the defendant, individually and as administrator of the estate of Stuart Betz, d/b/a S & J Ranch, with negligence arising from the incident. At trial, the plaintiff produced evidence which tended to show the following.

The plaintiff traveled to the defendant's ranch with his parents to go camping. During the night before the accident, the plaintiff was awakened by a "thump" on top of the camper. The next morning he investigated the cause of the "thump" and discovered a dead limb had fallen on the camper. The limb fell from a tree which had several dead limbs hanging from it. Concerned the limbs could be easily dislodged in wind or rain, the plaintiff and his brother informed a campground employee about the tree and branches. The employee responded, "I'll take care of it."

Later that morning when nothing had been done about the branches, the plaintiff, who was an experienced scout and tree climber, decided to climb the tree and remove the branches himself. He climbed the tree with no difficulty and shook the dead branches until they dropped to the ground. As he was climbing down the tree, one of the branches snapped, and he fell to the ground, landing flat on his back. He had no feeling and could not move.

The defendant's case consisted mainly of attacking the plaintiff's credibility. The defendant produced evidence and testimony which

tended to show the plaintiff's story at trial concerning his reason for climbing the tree was different than an earlier story. The earlier story was that the plaintiff climbed the tree to gather firewood.

Following trial, the jury found in the defendant's favor, and the plaintiff appeals. On appeal, the plaintiff raises several alleged errors that occurred at trial which he claims entitle him to a new trial. Because we find the plaintiff was not entitled to recover as a matter of law, we need not reach the issues raised by the plaintiff on appeal.

The customary rules of ordinary negligence are applicable in cases dealing with personal injury to children. (*Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614.) The rule of liability for owners or occupiers of land upon which a child is injured is the foreseeability of harm to the child. An injury is deemed foreseeable, and a duty will be imposed upon an owner or occupier of land for the personal injuries a child suffers on the premises, only if (1) the landowner or person in possession knows or should have known that children frequent the premises, (2) if the cause of the child's injury was a dangerous condition on the premises, and (3) the expense or inconvenience of remedying the condition is slight compared to the risk to the children.

In regard to the second element, a "dangerous condition" is one likely to cause injury to a child who, by reason of his or her immaturity, might not be capable of comprehending or avoiding the attendant risks. (*Cope v. Doe* (1984), 102 Ill. 2d 278.) However, there are many dangers, such as those of fire and water and falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large. If the condition involves obvious risks that children generally would be expected to appreciate and avoid, there is no duty to remedy the condition. (Restatement (Second) of Torts §339, comment *j*, at 203 (1965), cited with approval in *Cope v. Doe* (1984), 102 Ill. 2d 278.) Since children are expected to avoid dangers that are obvious, there is no reasonably foreseeable risk of harm. The law does not require the landowner or possessor of land to protect against the possibility children will injure themselves on obvious or common conditions.

Under the circumstances of the instant case, we find as a matter of law that the plaintiff failed to establish a duty on the part of the defendant. Initially, we note that the rules as discussed may not even come into play in a case such as this where the condition complained of is a natural condition of the land, namely a tree, which possesses inherent dangers. (Restatement (Second) Torts §339, comment *p*, at 207 (1965).) Analogous in this regard are the cases holding that

a landowner has no duty to remove or take other precautions against the dangers inherent in natural accumulations of snow and ice. See, e.g., *Smalling v. La Salle National Bank* (1982), 104 Ill. App. 3d 894; *Thompson v. Tormike, Inc.* (1984), 127 Ill. App. 3d 674.

Even assuming the rules as discussed are applicable, we find as a matter of law that the plaintiff would be expected to appreciate and avoid the obvious risk involved in climbing a tree. (See *Newby v. Lake Zurich Community Unit, Dist. 95* (1985), 136 Ill. App. 3d 92, *appeal denied* (1985), 111 Ill. 2d 557.) Since the risk was obvious, there was no reasonably foreseeable risk of harm, and thus, no duty on the part of the defendant to protect against the plaintiff's action in climbing the tree. Having so ruled, it is immaterial whether the plaintiff climbed the tree to gather firewood or to remove allegedly hazardous branches the defendant failed to remove.

Finally, we find the plaintiff failed to establish a duty on the part of the defendant because the unreasonable burden of improving land in a state of nature is great compared to the risk to children. (See Restatement (Second) Torts §339, comment *p*, at 207.) No one could reasonably suggest that a landowner is required to chop down his trees, fence them, or otherwise protect against the possibility a child will climb one of them and suffer a fall.

As already noted, this case should have never gone to the jury since defendant was entitled to a judgment as a matter of law. However, since the jury verdict was for the defendant and since judgment was entered thereon, the judgment is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.