(Nos. 69527, 69531 cons.—

ANTHONY LOGAN, a Minor, by His Mother and Next Friend, Jo Ann Berry, *et al.*, Appellees, v. OLD ENTERPRISE FARMS, LTD., *et al.*, Appellants.

*Opinion filed November 21, 1990.*

CALVO, J., took no part.

Stephen W. Thomson and Curtis L. Blood, of Reed, Armstrong, Gorman, Coffey, Thomson, Gilbert & Mudge, of Edwardsville, for appellant Old Enterprise Farms, Ltd.

John L. McMullin and John P. Cunningham, of Brown, James & Rabbitt, P.C., of Belleville, for appellant O'Fallon United Church of Christ.

Maurice E. Bone, Michael J. Reagan and Alvin C. Paulson, of Kassly, Bone, Becker, Dix, Reagan & Young, P.C., of Belleville, for appellees.

Richard H. Hoffman and Michael Resis, of Querrey &

Harrow, Ltd., of Chicago, for *amicus curiae* Illinois Association of Defense Trial Counsel.

Kathryn Bettasso, of Patricia C. Bobb & Associates, and Josette Belvedere, both of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE CLARK delivered the opinion of the court:

On August 7, 1983, 15-year-old Anthony Logan (plaintiff) was injured when he fell from a tree. The accident left plaintiff a quadriplegic. Plaintiff seeks recovery for damages from defendants Old Enterprise Farms, Ltd. (the Farm), and O'Fallon United Church of Christ (the Church) for the injuries he sustained as a result of the accident. The issue before this court is whether defendants had a legal duty to plaintiff upon which liability may be predicated.

The injury occurred on property owned by the Farm. At the time, plaintiff and his parents were attending a picnic organized by the members of the consistory of the Church. One of the shareholders of the Farm had offered the Church use of the premises for the picnic plaintiff and his parents, members of the Church, attended on the day of the accident. The Church was allowed to use the premises at no cost. Plaintiff had been to the property on several occasions prior to his accident, and had been there as recently as the weekend before the accident.

The Farm, a closely held corporation, owned and had exclusive control of the real estate upon which the accident occurred. The premises, which abutted a lake, were used primarily for recreational purposes. There was a tree on the premises which had hanging from its branches a rope swing used to swing into the lake.

Prior to the date of the accident, the old rope swing was replaced with a new rope swing. The new swing

was fitted with a plastic sheath which limited its flexibility and reduced the incidence of entanglement in the tree's branches. Plaintiff had used the rope swing on his prior visits to the premises and knew that the swing frequently got caught in the tree's branches. Plaintiff had seen people use a ladder, which rested at the foot of the tree, to climb the tree and release the swing from the tree's branches.

On the date of the accident, the ladder was leaning against the base of the tree. After plaintiff used the swing 5 to 10 times, the swing became entangled in the tree's branches. Using the ladder at the base of the tree, plaintiff climbed the tree and kicked the swing loose from the branch in which it was entangled. Plaintiff began to climb back down the tree when he fell, and woke up on the ground below the tree.

Plaintiff's parents saw plaintiff swing on the rope before he was injured and saw him climb the tree to release the swing. Although plaintiff's stepfather cautioned plaintiff as he climbed the tree, neither parent tried to prevent plaintiff from doing so.

Plaintiff filed an action against the Farm and the Church in the circuit court of St. Clair County seeking damages for injuries he sustained as a result of the alleged negligence of defendants. In counts I and II of his first amended complaint, plaintiff alleged that the Farm negligently failed to maintain the picnic and swimming area on its premises in a proper and safe condition and failed to warn plaintiff of the dangerous condition existing on the premises. In counts III and IV, plaintiff alleged that the Church negligently failed to provide adequate supervision of plaintiff, the picnic area, and the swing area, and failed to warn plaintiff of the dangerous condition existing on the premises.

Both defendants filed motions for summary judgment (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005) contending

that they had no legal duty to plaintiff upon which liability could be predicated and that they were entitled to summary judgment as a matter of law. In two separate orders, the trial court alternatively granted the Farm's motion for summary judgment and denied the Church's same motion.

The appellate court reversed the trial court order that had granted the Farm's motion for summary judgment and affirmed the trial court order that had denied the Church's motion. (188 Ill. App. 3d 920, 935.) We granted leave to appeal (107 Ill. 2d R. 315). Based on our review of the record, we believe defendants' motions were appropriate and should have been granted. Accordingly, we reverse the appellate court order that had reversed the trial court's grant of the Farm's motion for summary judgment. We also reverse the appellate court order that had affirmed the trial court's denial of the Church's motion for summary judgment.

Before proceeding with an examination of the issue, we must first point out, as did the appellate court, that we find both defendants are similarly situated so as to make the trial court's alternative rulings on defendants' motions inconsistent. (188 Ill. App. 3d at 925.) In *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, this court concluded that the customary rules of negligence must be applied to determine the liability of owners or parties in possession or control of premises upon which a child is injured. The liability of the Farm, if any, as owner of the real estate in question, and the Church, as the party in control of the premises on the day of the accident, is therefore determined with reference to the same rules of negligence.

Summary judgment is a "drastic means of disposing of litigation and therefore should be allowed only when the right of the moving party is clear and free from doubt." (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) The

motion shall be granted only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); see *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) The court must construe the evidence "strictly against the movant and liberally in favor of the opponent." *Purtill*, 111 Ill. 2d at 240.

Defendants contend that plaintiff's complaint merely alleges the risk of falling from a tree. Because they believe they had no duty to warn plaintiff, defendants claim they are entitled to summary judgment as a matter of law. Plaintiff alleges that the instant action involves more than just a simple risk of falling from a tree. Plaintiff alleges that the tree from which he fell, the ladder resting at the foot of the tree, the rope swing, and the lake interacted to create a dangerous condition for which defendants were under a duty to warn plaintiff. Plaintiff relies on the appellate court decision in *Novak v. C.M.S. Builders & Developers* (1980), 83 Ill. App. 3d 761, for his argument.

The plaintiff in *Novak* was a 10-year-old boy who was injured when he fell off a mound of dirt at a construction site. The excavation for the construction created mounds of dirt which were readily visible to children upon adjacent properties and public ways. The plaintiff alleged that the excavation, the mounds of dirt and a concrete foundation at the base of the excavation, in combination, created a latent dangerous condition that a minor was incapable of appreciating due to his immaturity. The trial court dismissed the plaintiff's action.

The appellate court reversed, stating that the combination of the mounds of dirt, the concrete foundation and the excavation interacted to form a "complex synergistic relationship" which created the dangerous condi-

tion that caused the plaintiff's injury. (*Novak*, 83 Ill. App. 3d at 764.) Plaintiff relies on this language in presenting his argument to this court.

Plaintiff alleges, as did the plaintiff in *Novak*, that it was the combination of the tree, the swing, the ladder, the lake and instrumentalities that created the dangerous condition leading to his accident. Unlike the plaintiff in *Novak*, however, plaintiff has failed to show that the components interacted to create a *latent* dangerous condition. Contrary to the appellate court's observation, our review of the record indicates that plaintiff presented no evidence to create an issue as to the safety of the tree, the rope swing or the combination of the instrumentalities present on the day of his accident. (188 Ill. App. 3d at 925, 927.) The fact that the instrumentalities existed together is not proof that they created a dangerous condition.

Although plaintiff relies on *Novak* in presenting his claim to this court, we believe that the appropriate authority is this court's decision in *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316. In *Corcoran* a dangerous condition was defined by the court as that "which is likely to cause injury to the general class of children who, by reason of their immaturity, might be incapable of appreciating the risk involved." (*Corcoran*, 73 Ill. 2d at 326.) The court affirmed the dismissal of a negligence action brought on behalf of a two-year-old child who fell into an open ditch on premises owned by the village. The court noted that owners or occupiers are not required to remedy conditions "the *obvious risks* of which children generally would be expected to appreciate and avoid." (Emphasis added.) *Corcoran*, 73 Ill. 2d at 326.

The *Corcoran* opinion observed that "[e]ven if an owner or occupier knows that children frequent his premises, he is not required to protect against the ever-present possibility that children will injure themselves on

*obvious or common conditions.*" (Emphasis added.) (*Corcoran*, 73 Ill. 2d at 326.) There are latent dangers that a child would not appreciate due to his minority, but there are also those conditions that any child, old enough to be allowed at large, would recognize:

> " 'There are many dangers, such as those of fire and water, or of *falling from a height*, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child \*\*\*.' (Restatement (Second) of Torts sec. 339, comment *j*, at 203 (1966). Also see Prosser, Torts sec. 59, at 366-73 (4th ed. 1971).)" (Emphasis added.) (*Corcoran*, 73 Ill. 2d at 327.)

Before a duty will be imposed on an owner or party in possession, therefore, it must be shown that he "knows or should know that children frequent the premises *and* \*\*\* [that] the cause of the child's injury was a *dangerous* condition on the premises." (Emphasis in original.) (*Corcoran*, 73 Ill. 2d at 326.) Unless these two prerequisites are met, the harm to the child will not be deemed sufficiently foreseeable such that the law will impel the owner or party in possession to remedy the condition.

The *Corcoran* principle was affirmed by the court in *Cope v. Doe* (1984), 102 Ill. 2d 278. The plaintiff in *Cope* was a seven-year-old child who drowned when he fell through the ice on a retention pond built by the defendant. There, the court stated:

> "It is well settled that if the condition complained of presents *obvious* risks which children would be expected to appreciate and avoid, there is no duty to remedy that condition. The rationale for this rule is that, since children are expected to avoid dangers which are obvious, there is no reasonably foreseeable risk of harm. The law then is that foreseeability of harm to the child is the test for assessing liability; but there can be no recovery for injuries caused by a danger found to be obvious." (Emphasis in original.) (*Cope*, 102 Ill. 2d at 286.)

The court in *Cope* denied recovery for the plaintiff. *Cope*, 102 Ill. 2d at 289.

The foregoing cases indicate that the test for assessing liability in a negligence action involving injury to a child on an owner or occupier's premises is foreseeability. (*Cope*, 102 Ill. 2d at 286.) The rationale for this rule is that since children are expected to avoid dangers that are obvious, there is no foreseeable risk of harm to them. (*Cope*, 102 Ill. 2d at 286.) With these principles in mind, we turn to an examination of the facts in the instant case.

Defendants' motions for summary judgment were supported by the depositions of plaintiff, plaintiff's parents, and various noninterested parties. These depositions, as well as answers to interrogatories supplied by the parties, were the only evidence of record at the time defendants presented their motions. It is, therefore, the only evidence the appellate court was entitled to consider in reviewing the lower court's orders.

Our review of the appellate decision, however, reveals that the appellate court incorrectly considered an affidavit filed by plaintiff in connection with his appeal of the trial court's order granting the Farm's motion for summary judgment. On July 21, 1987, plaintiff filed his notice of appeal and thereafter, on August 19, he filed the affidavit of M. Alexander Gabrielsen, Ph.D., an expert in aquatic safety, in support of the notice. The affidavit was part of the record on appeal pursuant to the appellate court's order of March 2, 1988, but not a part of the trial court record. A motion for summary judgment is to be decided on the basis of the record as it exists at the time the motion is heard. (*Addison v. Whittenberg* (1988), 124 Ill. 2d 287.) The appellate court erred, therefore, when it considered Dr. Gabrielsen's affidavit in its review of the record.

The facts support the conclusion that the first element for liability, knowledge that children frequent the premises, is met. The evidence is undisputed that defendants knew that children frequented the premises. Plaintiff, however, offers no evidence to support his allegations that a dangerous condition existed on the premises. Plaintiff's amended complaint "allege[d] a defective structure as well as a concealed dangerous condition in the rope swing," which allegations the appellate court regarded as sufficient proof of factual issues as to the safety of the tree, the rope swing and the combination of the instrumentalities present at the accident. (188 Ill. App. 3d at 927.) We conclude, however, that plaintiff's allegations are no more than *allegations*, with no factual support in the record.

There is no evidence in the record, for instance, that the tree caused plaintiff's fall, that plaintiff was standing on a dead or misshapen branch or that the condition of the branch caused him to trip. One of the owners of the Farm stated in his deposition that all parts of the tree were alive and healthy. Plaintiff presented no contrary evidence in response to this.

Nor did plaintiff present evidence that the rope swing was the cause of the accident. Plaintiff's own statement was that he was neither using nor in any contact with the swing when he fell. Plaintiff stated that he had kicked the swing loose from the branch in which it was entangled and had turned to descend the tree when he fell. He remembers nothing after kicking the swing loose until he awoke on the ground below the tree.

Plaintiff's allegations amount, essentially, to a negligence action based on the attractive nuisance doctrine. Plaintiff alleges that defendants' conduct constituted an invitation to plaintiff, luring him into contact with the alleged dangerous condition "as a bait attracts fish." (3 J. Lee & B. Lindahl, Modern Tort Law—Liability & Litiga-

tion §300.02, at 59 (rev. ed. 1988), citing *Keffe v. Milwaukee & St. Paul Ry. Co.* (1875), 21 Minn. 207, 211.) Plaintiff repeatedly emphasizes in his brief to this court that he was lured to the dangerous condition and points to the individual components of the alleged dangerous condition in support of his argument. Plaintiff alleges that he was "attracted" to the rope swing by the "illusion of safety" created by defendants; that defendants "implied by their own actions that the rope swing was safe and that the tree was safe to climb"; that defendants "encouraged the rope swing's use" by removing branches and modifying the swing's structure to enhance its maneuverability; and that plaintiff climbed the tree because defendants provided the ladder with which to do so.

Although not referred to as such by plaintiff, these are simply the elements of an attractive nuisance claim which was abolished by this court's decision in *Kahn.* The import of the doctrine was that the dangerous condition had to lure the children onto the premises and into contact with the dangerous condition or instrumentality. (*Corcoran,* 73 Ill. 2d at 326.) The *Kahn* opinion replaced the doctrine with the above-mentioned standard of foreseeability.

Moreover, we cannot ignore the fact that plaintiff was a 15-year-old youth at the time of the accident who acknowledged in deposition that he was aware of the risk of falling. On one occasion, plaintiff, in fact, saw a person who had climbed the tree fall approximately three feet and catch himself on the tree's lower branches. We note that the overwhelming majority of appellate decisions denying recovery to minors seeking damages for injuries sustained on an owner or occupier's premises have done so where the plaintiff is significantly younger than plaintiff herein. See, *e.g., Salinas v. Chicago Park District* (1989), 189 Ill. App. 3d 55 (affirming

summary judgment for the defendant under the "obvious risk" rule in a fatal fall by an eight-year-old mongoloid child from a playground slide); *Batzek v. Betz* (1988), 165 Ill. App. 3d 399, 402 (affirming judgment on a verdict in favor of landowner against a 14-year-old who fell from a tree with several dead limbs; the court held that "[s]ince the risk was obvious, there was no reasonably foreseeable risk of harm, and thus, no duty on the part of the defendant"); *Knapp v. City of Decatur* (1987), 160 Ill. App. 3d 498, 505 (affirming dismissal where six-year-old fell off construction site sandpile; the court noted that "[f]alling is routinely regarded as an obvious risk capable of appreciation by even very young children"); *Bazos v. Chouinard* (1981), 96 Ill. App. 3d 526 (affirming dismissal of action on behalf of 10-year-old child where the child fell while jumping from a picnic table to a tree limb); *Merkousko v. Janik* (1973), 14 Ill. App. 3d 343 (affirming dismissal under the "obvious danger" rule where seven-year-old child fell from tree onto concrete sidewalk); see also *Swearingen v. Korfist* (1989), 181 Ill. App. 3d 357, 363 (affirming grant of summary judgment where 15-year-old boy sustained injuries when he fell from a pulley device used by neighborhood children to ride between two trees, one of which was located on the defendant's property; the court noted that although the record showed that defendant was aware of the existence of the pulley and knew that the pulley could be dangerous, the plaintiffs failed to provide evidence to the court to indicate that the defendant was aware of some "greater danger than was obvious to [the plaintiff]").

As set forth by the principles in *Kahn* and *Corcoran*, we conclude that plaintiff has failed to establish the existence of a duty upon which defendants' liability can be predicated. Although one of the prerequisites for liability, defendants' knowledge that children frequented the premises in question, is undisputed, plaintiff has failed to

demonstrate to this court evidence in the record to indicate that a dangerous condition existed on the premises. While we are not unsympathetic to the tragedy of plaintiff's accident, we are obliged to defer to the authority established by this court in the area of negligence actions. Based on our review of law in this area, we conclude that the risk of falling out of the tree was an obvious danger which plaintiff was reasonably expected to understand and appreciate. See *Corcoran*, 73 Ill. 2d at 326-27.

As an alternative theory in support of their motion for summary judgment, the Farm alleged that even if a duty were found to exist, it was not liable for damages, as provided in section 6(a) of the Recreational Use of Land and Water Areas Act (Ill. Rev. Stat. 1983, ch. 70, par. 36(a)). Because we conclude that defendants have no legal duty, the issue of the applicability of the Act to the real estate in question is moot.

For the foregoing reasons, we believe defendants' motions for summary judgment were appropriate and should have been granted. Accordingly, we reverse the judgment of the appellate court, which reversed the trial court's grant of the Farm's motion for summary judgment and affirmed the trial court's denial of the Church's motion for summary judgment. We affirm in part and reverse in part the judgment of the trial court, and remand this cause to that court for entry of summary judgment for defendants.

*Appellate court judgment reversed;*
*circuit court judgment affirmed in part and*
*reversed in part;*
*cause remanded with directions.*

JUSTICE CALVO took no part in the consideration or decision of this case.