ANGELA BARRETT, Plaintiff-Appellant, v. THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Defendant-Appellee.

First District (6th Division)   No. 1—90—2919

Opinion filed May 15, 1992.

Robert W. Rooney, Jr., Chartered, and David A. Novoselsky & Associates, both of Chicago (David A. Novoselsky, of counsel), for appellant.

Pretzel & Stouffer, Chartered, of Chicago (Alan J. Brinkmeier, Robert Marc Chemers, and Anne Scheitlin Johnson, of counsel), for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff, Angela Barrett, brought this action seeking recovery for personal injuries sustained while on the premises of the defendant, the Forest Preserve District of Cook County. Upon motions by the defendant, the trial court dismissed plaintiff's negligence claim and granted summary judgment in favor of the defendant on the claim for willful and wanton conduct. In entering summary judgment on the willful and wanton count, the trial court found that the record did not support the conclusion that plaintiff was engaged in an intended and permitted use of forest preserve property at the time of the incident in which plaintiff was injured. The trial court found further that the parties had presented no evidence to suggest that there existed a concealed danger which caused plaintiff's injuries.

Plaintiff challenges the trial court's entry of summary judgment on her claim for willful and wanton conduct. On appeal, plaintiff contends that she had established the existence of a duty owed to her by defendant and that defendant was not relieved of liability for her injuries by the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1983, ch. 85, par. 1—101 *et seq.*) or by section 62 of the ordinances of the Forest Preserve District.

The record indicates that plaintiff filed a two-count complaint against defendant seeking damages for injuries sustained by her at Crooked Creek Woods in the Palos Forest Preserve of Cook County. Plaintiff asserted that she was injured on March 30, 1983, when she fell from a rope swing into a ravine located on the forest preserve property. The complaint alleged that the swing from which plaintiff fell was located along the side of a steep incline at or near the bank

of a stream commonly known as Crooked Creek and that the swing consisted of a tall tree to which a 30-foot rope had been tied. The complaint alleged further that because the defendant, as a public entity, was insured under a public liability insurance policy, defendant waived the defenses and immunities which it might have asserted in defense of the instant action.

Count I of the complaint alleged that plaintiff's injuries resulted from defendant's negligence in maintaining the tree and the surrounding area. Count II alleged that plaintiff's injuries were caused by willful and wanton conduct on the part of defendant in that defendant failed to remedy the dangerous condition of the rope swing although it had notice of the condition.

On January 29, 1986, the trial court dismissed with prejudice count I of the complaint, which alleged negligence by defendant. This order was not appealed in 1986, and its propriety is not challenged in the notice of appeal presently before this court.

On December 22, 1989, defendant obtained leave to file *instanter* an amended answer to count II of the complaint which denied plaintiff's allegations of willful and wanton conduct. This amended answer also asserted as affirmative defenses that plaintiff's injuries were proximately caused by her own negligence and by her failure to abide by section 62 of the ordinance of the Forest Preserve District of Cook County, which provided that no person shall engage in any sport, game or amusement or exercise within the property of the defendant except in such places as may be provided or designated by the board of commissioners of the defendant and in accordance with the rules and regulations prescribed by the board.

Defendant also filed on December 22, 1989, a motion for summary judgment as to count II of the complaint. This motion asserted that, as a matter of law, defendant owed no duty to the plaintiff because the risk posed by the rope swing was open and obvious and because plaintiff did not allege that she was injured as a result of a hidden danger attendant to the rope swing.

Following a hearing on May 16, 1990, the trial court entered summary judgment in favor of defendant, finding that the record did not support the conclusion that plaintiff was engaged in an intended and permitted use of forest preserve property when she fell from the rope swing. The trial court found further that there was no evidence to suggest that there existed a concealed danger which caused plaintiff's injuries.

On June 15, 1990, plaintiff moved for reconsideration of the trial court's entry of summary judgment as to count II. In this motion,

plaintiff maintained that a question of fact existed as to whether the rope swing presented a concealed danger and as to whether plaintiff was engaged in an intended or permitted use of the rope swing. Plaintiff also asserted that she had discovered new information which indicated that defendant had prior knowledge of the existence of rope swings and other accidents in the area where plaintiff was injured.

Defendant's response to the motion for reconsideration alleged that plaintiff had not raised any new evidence that could not have been presented before judgment was entered. Thereafter, plaintiff filed an amended motion for reconsideration, requesting the trial court to consider information presented in another cause before the law division of the circuit court of Cook County which established that defendant had knowledge of other accidents involving rope swings on its premises.

On September 28, 1990, the trial court denied plaintiff's amended motion to reconsider, and plaintiff has appealed.

We initially consider plaintiff's assertion that she had established a duty owed to her by defendant upon which liability could be predicated.

■■ Under section 3—106 of the Tort Immunity Act, a local public entity is not liable for any injury resulting from a condition on public property intended or permitted to be used for recreational purposes unless the local entity is guilty of willful or wanton conduct which proximately caused the injury. (Ill. Rev. Stat. 1983, ch. 85, par. 3—106.) Willful and wanton conduct is defined as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." (Ill. Rev. Stat. 1989, ch. 85, par. 1—210.) In order to recover under count II of the complaint, plaintiff must first establish a duty owed to her by defendant as well as willful and wanton conduct on the part of the defendant. *Newby v. Lake Zurich Community Unit District 95* (1985), 136 Ill. App. 3d 92, 97, 482 N.E.2d 1061.

■■ It is established that customary principles of negligence are applied when assessing the liability of owners, occupiers, or parties in control of premises upon which a minor is injured. *Logan v. Old Enterprise Farms, Ltd.* (1990), 139 Ill. 2d 229, 233, 564 N.E.2d 778; *Cope v. Doe* (1984), 102 Ill. 2d 278, 286, 464 N.E.2d 1023; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 326, 383 N.E.2d 177; *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 625, 126 N.E.2d 836; *Scarano v. Town of Ela* (1988), 166 Ill. App. 3d 184, 187, 520 N.E.2d 62.

■ Because foreseeability of harm is the critical factor in determining the liability for an injury to a minor caused by a dangerous condition on the defendant's premises (*Logan*, 139 Ill. 2d at 237; *Cope*, 102 Ill. 2d at 286), a duty to protect against injuries to others is imposed upon the owner or occupier of land (1) where that party knows or should know that minors frequent the premises and (2) where the cause of the minor's injury was a dangerous condition of the property. (*Logan*, 139 Ill. 2d at 236; *Cope*, 102 Ill. 2d at 286; *Corcoran*, 73 Ill. 2d at 326.) Where both of these conditions have been met, it is deemed that harm to minors is sufficiently foreseeable, and the law requires the owner or occupier of the property to remedy the dangerous condition. (*Cope*, 102 Ill. 2d at 286; *Corcoran*, 73 Ill. 2d at 326; *Kahn*, 5 Ill. 2d at 625.) This obligation is imposed where a defective structure or dangerous condition is likely to cause injury to minors because they, by reason of their immaturity, are incapable of appreciating the risk presented by the condition. *Logan*, 139 Ill. 2d at 235; *Cope*, 102 Ill. 2d at 286; *Corcoran*, 73 Ill. 2d at 326; *Scarano*, 166 Ill. App. 3d at 187.

■ There is, however, no duty to remedy a dangerous or defective condition which presents obvious risks that minors generally would be expected to appreciate and to avoid. (*Logan*, 139 Ill. 2d at 235; *Cope*, 102 Ill. 2d at 286; *Corcoran*, 73 Ill. 2d at 326; *Batzek v. Betz* (1988), 165 Ill. App. 3d 399, 401, 519 N.E.2d 87; *Durham v. Forest Preserve District* (1986), 152 Ill. App. 3d 472, 476, 504 N.E.2d 899; *Newby*, 136 Ill. App. 3d at 98.) No cause of action exists if persons of a similar age and experience as the plaintiff are capable of understanding the danger involved. (*Newby*, 136 Ill. App. 3d at 98; *Warchol v. City of Chicago* (1979), 75 Ill. App. 3d 289, 296, 393 N.E.2d 725.) This rule is premised upon the fact that because minors are expected to avoid dangers that are obvious, there is no reasonably foreseeable risk of harm. *Cope*, 102 Ill. 2d at 286; *Batzek*, 165 Ill. App. 3d at 401; *Newby*, 136 Ill. App. 3d at 98.

■ Thus, even where an owner or occupier of land is aware that minors frequent the premises, the law does not require that party to protect against the omnipresent possibility that children will injure themselves on obvious or common conditions. (*Corcoran*, 73 Ill. 2d at 326; *Batzek*, 165 Ill. App. 3d at 401; *Durham*, 152 Ill. App. 3d at 476; *Newby*, 136 Ill. App. 3d at 98-99.) Although foreseeability of harm to a minor is the test for ascertaining liability, the law does not permit recovery for injuries that are caused by an obvious danger. *Cope*, 102 Ill. 2d at 286; *Newby*, 136 Ill. App. 3d at 99.

It has been held that there are many dangers, such as those of fire and water and falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large. *Cope*, 102 Ill. 2d at 286-87; *Corcoran*, 73 Ill. 2d at 327; *Batzek*, 165 Ill. App. 3d at 401; *Durham*, 152 Ill. App. 3d at 476; Restatement (Second) of Torts §339, Comment *j*, at 203 (1965).

■ Plaintiff has asserted that the danger involved in this case was not obvious. We find this argument unpersuasive. The dangerous condition to which plaintiff was exposed was that of swinging from a 30-foot rope which hung over a deep ravine. Plaintiff testified at her deposition that in order to swing on the rope, she had to walk down the hill into the ravine, retrieve the rope, and carry it back up to the top of the hill. Plaintiff testified further that before her fall from the rope, her shoes were wet with mud from the area surrounding the rope swing.

We hold that plaintiff, who was 16 years old at the time of the accident, would be expected to appreciate and avoid the obvious risk involved in swinging over a deep ravine from a 30-foot rope while wearing wet or muddy shoes. Because the danger was obvious, defendant was under no duty to protect against the type of injuries sustained by plaintiff. See *Logan*, 139 Ill. 2d at 241; *Cope*, 102 Ill. 2d at 289; *Corcoran*, 73 Ill. 2d at 328; *Batzek*, 165 Ill. App. 3d at 401; *Durham*, 152 Ill. App. 3d at 477.

In reaching this conclusion, we note that plaintiff's reliance on *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223, is misplaced because the evidence in the instant record does not support the claim that plaintiff was in any way distracted or caused to have her attention diverted from her activity while swinging from the rope which was tied to the tree near the ravine.

In light of our determination on this issue, we need not address plaintiff's claim that defendant was not relieved of liability by section 3—102(a) of the Tort Immunity Act or by section 62 of the ordinances of the Forest Preserve District.

A motion for summary judgment should be granted when the pleadings, depositions, admissions, and affidavits establish that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005; *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867; *Kolakowski v. Voris* (1981), 83 Ill. 2d 388, 398, 415 N.E.2d 397.) Considering the entire record in a light most favorable to the plaintiff, we find that plaintiff failed to establish a duty owed

to her by defendant upon which liability could be predicated and that defendant was entitled to judgment as a matter of law.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA and RAKOWSKI, JJ., concur.