(No. 82947.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CHARLES STEWART, Appellant.

*Opinion filed December 18, 1997.—Rehearing denied February 2, 1998.*

BILANDIC and NICKELS, JJ., joined by McMORROW, J., dissenting.

Sam Adam, of Chicago, for appellant.

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William L. Browers and Arleen C. Anderson, Assistant Attorneys General, of Chicago, and Renee Goldfarb and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, the defendant, Charles Stewart, was found guilty of first degree murder and sentenced to a term of imprisonment of 70 years. In finding defendant guilty the trial court relied, in part, expressly upon a highly inculpatory post-arrest statement determined by that court to have been made by him. The statement was admitted into evidence as People's Exhibit No. 58 but was neither published in the record in the trial court nor included in the record on appeal. In the appellate court defendant appears to have presented two issues for review: (1) that his constitutional rights to due process and to confront and cross-examine witnesses testifying against him were violated by the admission of the grand jury testimony of a witness as substantive evidence and (2) that the evidence was insufficient to prove him guilty beyond a reasonable doubt. In an order issued according to Supreme Court Rule 23 (134 Ill. 2d R. 23), the appellate court affirmed the judgment of the trial court. Thereafter, in a modified order upon denial of rehearing, the appellate court again affirmed the judgment of the trial court. No. 1—95—3666 (unpublished

order under Supreme Court Rule 23). We allowed the defendant's petition for leave to appeal as a matter of right pursuant to Supreme Court Rule 317 (134 Ill. 2d R. 317). Seeking reversal of his conviction, he raises two issues for our review: (1) whether the appellate court denied defendant his constitutional guarantees to effective assistance of counsel, confrontation, and due process of law when it affirmed his conviction for first degree murder "by relying upon the content of the defendant's post-arrest statement previously ordered, on objection by the State, barred from the record on appeal" and (2) whether the appellate court erred in considering defendant's post-arrest statement "on rehearing" without first ruling on issues concerning the State's noncompliance with Supreme Court Rule 341(e)(7) (155 Ill. 2d R. 341(e)(7)) and the doctrine of waiver.

During the pendency of his appeal, defendant moved that the appellate court direct the State to supplement the record on appeal. In the motion, a copy of which is appended to each party's brief in this court, defendant's appellate counsel stated as affiant that he had not been defendant's trial attorney, that he had read the eight-volume record on appeal, and that

"[t]he most significant and major portion of the evidence against Defendant Charles Stewart on the trial of the instant cause consisted of Grand Jury testimony of two State witnesses plus a written statement allegedly made by the Defendant. However, undoubtedly due to the fact that this was a bench trial, none of those documents were published in the record on appeal. Instead, the documents were introduced into evidence and then delivered to the trial judge for his perusal and consideration. The report of proceedings clearly indicates that the trial judge considered these documents in finding the Defendant guilty. Though introduced into evidence by the People these documents do not appear in the common law record."

Counsel stated in the motion that he had never seen these documents and that it was not possible for him accurately to assess their worth in arguments before the court concerning a record on appeal from which they were omitted. Counsel reasoned in the motion that "[p]resumably, the People of the State of Illinois still have available a clean copy of the documents, if not the actual exhibits themselves, suitable for presentation to this Honorable Court in a supplemental record on appeal." Defendant moved that the court "enter an order directing the People of the State of Illinois to cause to be prepared and to submit to this Honorable Court a supplemental record on appeal containing any exhibits introduced by the People of the State of Illinois on the trial of this cause which the People will seek to rely upon before this Honorable Court on the appeal of the instant cause."

In its response to this motion, a copy of which also is appended to each party's brief in this court, the State objected strongly to defendant's request that it be directed to file a supplemental record. The State submitted "that the record before this Honorable Court is complete, thereby enabling it to fully decide all issues presented" and contended that defendant had "failed to meet his burden of demonstrating what part of the record is incomplete, incorrect or made any clearer by the Grand Jury testimony of two State witnesses plus a written statement allegedly made by the defendant." The State maintained further in its response that "[t]he Record from the Grand Jury testimony of two State witnesses plus a written statement allegedly made by the defendant, which was not in evidence at trial, is wholly inappropriate for review on appeal" and concluded that "defendant is improperly attempting to contradict the record and embellish it with cumulative material."

In an order, a copy of which is likewise appended to

the brief of each party, the appellate court denied the defendant's motion, described by the court in its order as "requiring the People of the State of Illinois to cause the Clerk of the Circuit Court of Cook County to prepare a supplemental record on appeal in the instant cause containing the People's exhibits introduced on the trial in the instant cause which the People will rely upon in the prosecution of the instant appeal."

In its initial order affirming the judgment of the trial court, the appellate court indicated that defendant's confession had been admitted into evidence but noted that defendant had not included it in the record. In this order the appellate court said that the State had focused in its closing argument on the fact that defendant had admitted in his confession to having held the victim, Stephen Green, while others beat the victim. During closing argument at trial, the prosecutor asked, "What does Charles Stewart's statement tell you, your Honor?" and proceeded, without objection by defendant, to catalogue in detail and at some length most of the contents of the statement in the same order in which they appear in it. Having found that the evidence supported defendant's conviction for first degree murder, the appellate court stated further in this order: "In his confession, defendant told the police that he held the victim and kicked him during a gang meeting at Sheila's apartment. Sheila testified before the grand jury that she saw defendant hold the victim and participate in the 'violation.' Based on all of the evidence at trial, a reasonable trier of fact could have found each element of the crime beyond a reasonable doubt."

In a petition for rehearing, a copy of which is appended to the State's brief in this court, defendant took the position that since no witness had testified to the content of the defendant's statement at trial and, thus, there was no evidence to support the appellate court's

statements about defendant's confession, the conclusion was "inescapable" that the appellate court had "either communicated *ex parte* with someone having access to the defendant's post-arrest statement, or else this Court has simply fictionalized the existence of defendant's 'confession' wherein 'defendant admitted to holding the victim and kicking him during the violation \*\*\*.' " Defendant asserted further in the petition for rehearing that the appellate court had "*ordered* that the defendant's post-arrest statement *not* be filed." (Emphasis in original.)

In its response to the defendant's petition for rehearing, a copy of which is appended to the defendant's brief in this court, the State denied that the State's Attorney's office had engaged in *ex parte* communication with the court and declared that the appellate court's order makes clear that the source of the court's knowledge of a single sentence from the defendant's confession came not from viewing the written document itself, but from viewing the record of the prosecutor's remarks summarizing it during closing argument at trial. The State said further, with reference to its earlier response to the defendant's motion for an order directing it to cause to be prepared and to submit a supplemental record on appeal, that the State had objected when it was not in possession of the record on appeal and before any assistant State's Attorney had been assigned to write its brief and that it had done so while under the mistaken impression that the documents had not been admitted into evidence at trial. The State indicated further in its response to the defendant's petition for rehearing that at oral argument counsel for the State had recounted her unsuccessful efforts to obtain a copy of the defendant's confession after defendant had filed his brief and that, after defendant had filed his petition for rehearing, the State had obtained through its Felony Review Division

defendant's written confession admitted into evidence at trial and would attempt to have the document bound and certified and move for its inclusion in the record on appeal. While asserting that the defendant's petition for rehearing should be denied, the State suggested that if the appellate court should determine that rehearing were warranted, the court should rehear the case with the benefit of the defendant's confession included in the record on appeal.

Thereafter, over defendant's objection, the State moved successfully to supplement the record on appeal with the written, five-page confession, stating in its motion that the confession had been prepared for submission to the appellate court and since it was now available, it should be included in the record on appeal because of its significance in view of the defendant's argument that the evidence was insufficient to support his conviction. Following entry of an order of the appellate court permitting defendant to file a reply within two weeks to the State's response to his petition for rehearing, defendant filed such a reply, almost six weeks after the supplemental record containing his post-arrest statement had been filed in the appellate court. As we have already indicated, in a modified order upon denial of defendant's petition for rehearing the appellate court thereafter affirmed the judgment of the trial court. In finding that the evidence supported defendant's conviction for first degree murder, the appellate court noted that "[a] supplemental record containing defendant's confession, filed subsequent to the original order issued in this matter, in fact shows that defendant admitted to holding the victim and kicking him during the violation." Based on all of the evidence, when viewed in a light most favorable to the prosecution, the appellate court found that a reasonable trier of fact could have found each element of the crime beyond a reasonable doubt.

In his petition for leave to appeal as a matter of right, defendant contended that the "reliance by the Appellate Court upon matters not made available to the defendant at the appellate level," namely, his post-arrest statement, had denied him his rights of confrontation, due process, and effective assistance of counsel on appeal. As a consequence, a constitutional question had arisen for the first time in and as a result of the action of the appellate court.

With respect to the first issue defendant raises for our review, he contends that "[a]s a general proposition, it violated the rulings of this Court and every district Appellate Court, including the First District, when the court in the case at bar considered matters already ruled excluded from the record on order of the Appellate Court." He reasons that when the appellate court "entered its orders affirming the defendant's conviction predicated upon a purported post-arrest statement which had been excluded by its own previous order from the record, and which was unavailable to defense counsel, the result was a 'denial of counsel [which] left petitioner completely without representation during the Appellate Court's actual decisional process.'" The appellate court, he asserts, "committed constitutional error of first magnitude when it decided a critical issue on appeal—the sufficiency of the evidence to convict—without affording to the defendant his right to counsel during the actual decisional process."

The State responds that in its initial Rule 23 order the appellate court properly affirmed defendant's conviction in the absence of defendant's post-arrest statement in the record, presuming that the evidence was sufficient to support the trial court's finding of guilty. The State maintains further that there was nothing in the appellate court's order denying defendant's motion to compel the State to supplement the record that pre-

vented defendant from doing that which by law he has a duty to do, namely, to preserve and to file a complete record on appeal. The State contends as well that the appellate court properly granted the State leave to supplement the record with defendant's post-arrest statement and properly relied upon that statement in its modified order upon denial of rehearing after having given the defendant an opportunity to consider the supplemental record in arguing the sufficiency of the evidence in his reply to the State's response to his petition for rehearing.

Responsibility for preserving and presenting a sufficient record of the asserted error necessarily falls on the party who makes the assertion of error. *People v. Smith*, 106 Ill. 2d 327, 334-35 (1985); *People v. Edwards*, 74 Ill. 2d 1, 6 (1978). When the record presented on appeal is incomplete, a court of review will indulge in every reasonable presumption favorable to the judgment from which the appeal is taken, including the presumption that the trial court ruled or acted correctly, and any doubt arising from the incompleteness of the record will be resolved against the appellant. See *People v. Majer*, 131 Ill. App. 3d 80, 84 (1985). Although defendant takes the position that the appellate court barred his confession from inclusion in the record on appeal, the appellate court did not do so. Instead, it declined to direct the State to cause to be prepared and to submit a supplemental record on appeal containing any exhibits it had introduced at trial upon which it would rely on appeal. Although defendant attempted to cause the record on appeal to be supplemented, he did so by means of a motion to compel the State to provide these exhibits. While the State's remarkably erroneous response to the defendant's motion to supplement the record cannot be condoned, the obvious incompleteness of this record was, nevertheless, a circumstance chargeable to the defen-

dant as appellant, and in its initial order affirming the judgment of the trial court, the appellate court properly resolved any doubt arising from the incompleteness of the record against him (see *People v. Dowdy*, 140 Ill. App. 3d 631, 639 (1986)).

Supreme Court Rule 366(a) (134 Ill. 2d R. 366(a)) provides that "[i]n all appeals the reviewing court may, in its discretion, and on such terms as it deems just, *** (3) order or permit the record to be amended by correcting errors or by adding matters that should have been included." The appellate court's subsequent order allowing the State to amend the record by adding defendant's confession was entirely in accord with the terms of Rule 366(a) and appropriate under the circumstances here. Thereafter the appellate court afforded defendant an opportunity to reply to the State's response to his petition for rehearing and, thus, to address the contents of the confession. Therefore, it cannot be said that the appellate court decided the question of the sufficiency of the evidence to convict in its modified order upon denial of rehearing without having afforded defendant the right to counsel during the decisional process. Moreover, inasmuch as the appellate court did not order defendant's post-arrest statement barred from the record on appeal prior to relying upon it, as defendant avers, his claim that the appellate court's conduct in so doing denied him his right to confrontation and due process is without merit. Hence, the appellate court's reliance upon defendant's confession in its modified order upon denial of rehearing affirming the judgment of the trial court was not improper.

We have examined the defendant's contentions with regard to Supreme Court Rule 341(e)(7) and the doctrine of waiver and conclude that they are not meritorious. We agree with the State that the defendant, having previously moved that the State be directed to supple-

ment the record on appeal with his post-arrest statement among other of its exhibits, is in no position to object to the subsequent inclusion of this statement in the record and to argument concerning it.

The judgment of the appellate court is affirmed.

*Affirmed.*

JUSTICE BILANDIC, dissenting:

This case involves a murder conviction and a sentence of 70 years' imprisonment. On appeal, the defendant argued that the evidence was insufficient to prove him guilty beyond a reasonable doubt. In finding the evidence sufficient and thereby affirming the defendant's conviction, the appellate court relied on the defendant's purported post-arrest statement. The majority opinion holds that the appellate court's reliance upon the defendant's alleged post-arrest statement in affirming the judgment of the trial court was not improper. 179 Ill. 2d at 566-67. For the reasons that follow, I find that the actions of the appellate court deprived the defendant of a fair appellate review.

It is a basic principle of appellate law that a court of review is prohibited from considering matters outside the record on appeal. See *Logan v. Old Enterprise Farms, Ltd.*, 139 Ill. 2d 229 (1990). In *Logan*, the plaintiff sued the defendant for damages resulting from injuries sustained on the defendant's property. The trial court granted the defendant's motion for summary judgment. On appeal, the appellate court reversed, but in so doing, the appellate court considered an affidavit from an expert filed by the plaintiff after the filing of the notice of appeal. This court held that the appellate court erred in considering the affidavit, which was not a part of the trial court record. See *Logan*, 139 Ill. 2d at 237. Here, the defendant's alleged post-arrest statement was considered by the trial court but was never made part of the trial court's record. As a result, the statement was

not a part of the record on appeal. When the appellate court denied the defendant's motion to compel the State to supplement the record with the alleged post-arrest statement, the defendant submitted his brief without reference to that statement. Despite the fact that the post-arrest statement was not a part of the record on appeal, the appellate court relied on that statement in its original order affirming the defendant's conviction. Thus, the appellate court improperly considered a document not reflected in the record on appeal in upholding the defendant's murder conviction. The majority opinion fails to provide a sufficient basis for upholding this obviously inappropriate action of the appellate court.

It is true that, in his petition for rehearing, the defendant pointed out the appellate court's error in relying on the alleged post-arrest statement. In its response, the State sought to supplement the record on appeal with the statement, although the State had originally objected to the inclusion of the statement in the record. As noted in the facts, the appellate court then allowed the statement to be included in the record and, in its modified order upon denial of rehearing, the appellate court continued to rely on the statement to reject the defendant's argument that the evidence was insufficient. These actions by the appellate court did not remedy its prior error. Instead, because the appellate court relied on a statement outside the record on appeal to decide a critical issue on appeal, without providing his defense counsel an opportunity to use that same statement in preparing the defendant's appeal, the appellate court deprived the defendant of his constitutional right to assistance of counsel. See *Penson v. Ohio*, 488 U.S. 75, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988).

In *Penson*, the defendant's court-appointed appellate counsel filed a "Certification of Meritless Appeal" and was given leave by the state appellate court to withdraw.

The state appellate court subsequently reviewed the record and considered the briefs of the codefendants. The court determined that there existed several arguable claims and that plain error had been committed which required reversal of the defendant's conviction on one count. Nevertheless, the court affirmed the defendant's convictions and sentences on the remaining counts. The preceding determinations were made by the state appellate court without the benefit of any input by any counsel on behalf of the defendant. The United States Supreme Court initially noted that "the right to be represented by counsel is among the most fundamental of rights." *Penson*, 488 U.S. at 84, 102 L. Ed. 2d at 311, 109 S. Ct. at 352. The *Penson* Court then held that the state appellate court had violated the defendant's constitutional right to counsel on appeal. *Penson*, 488 U.S. 75, 102 L. Ed. 2d 300, 109 S. Ct. 346. It further found that such decisionmaking by the state appellate court without the benefit of counsel on appeal amounted to reversible error. The Court stated: "It is apparent that the Ohio Court of Appeals *** committed *** serious error when it failed to appoint new counsel after finding that the record supported several arguably meritorious grounds for reversal of petitioner's conviction ***. As a result, petitioner was left without constitutionally adequate representation on appeal." *Penson*, 488 U.S. at 81, 102 L. Ed. 2d at 309, 109 S. Ct. at 350.

The actions taken by the state appellate court in *Penson* are analogous in their result to those of the appellate court in the case at bar. As previously noted, the appellate court entered its orders affirming the defendant's conviction predicated upon the defendant's purported post-arrest statement, which was unavailable to defense counsel in preparing his brief and argument on appeal. Such actions by the appellate court resulted

in a denial of counsel during the appellate court's actual decisional process. See *Penson*, 488 U.S. at 88, 102 L. Ed. 2d at 313, 109 S. Ct. at 354.

After examining the unusual procedural circumstances in this case, I find that the defendant was deprived of his constitutional right to assistance of counsel because defense counsel was not provided an opportunity to consider the defendant's purported post-arrest statement when preparing his appeal. In light of this constitutional violation and on grounds of fundamental fairness, I believe that the appellate court's judgment should be vacated and the cause remanded to the appellate court, where the parties can proceed with a complete record in preparing their briefs and arguments on appeal.

JUSTICES McMORROW and NICKELS join in this dissent.

JUSTICE NICKELS, also dissenting:

The manner in which this case was heard in the appellate court denied defendant the right to due process and effective assistance of counsel. Therefore, I respectfully dissent.

In a bench trial, the trial judge found defendant guilty of first degree murder based almost entirely on the strength of a post-arrest statement. Defendant's statement was admitted into evidence and read silently by the trial judge, but erroneously excluded from the record on appeal.

Defendant's appellate counsel, who was new to the case and who had not seen the statement, discovered that the statement was not part of the record and responsibly sought to supplement the record so he could prepare an appeal. The State objected to turning over the statement, which it held in its files, mysteriously claiming that the record on appeal was complete. The

appellate court ultimately denied defendant's motion to supplement the record.

Without having seen the statement, defendant's counsel was forced to brief the issue of whether defendant was proven guilty beyond a reasonable doubt without referring to the sole evidence on which the trial judge found a sufficient basis to convict. The State also did not refer to the contents of defendant's statement in its brief, having argued that the record was complete without the statement.

Despite the fact that the statement was not read into the transcript in the trial court, was not part of the common law record on appeal and had not been argued by the parties, the appellate court relied upon the content of defendant's statement in finding that the evidence was sufficient to convict him. No. 1—95—3666 (unpublished order under Supreme Court Rule 23) ("In his confession, defendant told the police that he held the victim and kicked him during a gang meeting at Sheila's apartment"). The appellate court apparently gleaned this information from trial testimony, prosecutor arguments or the judge's comments about the statement made when finding defendant guilty of the murder.

Defendant thereafter filed a petition for rehearing, arguing that the appellate court must have overlooked that the statement was not made part of the record on appeal. The State, apparently sensing it had erred in objecting to defendant's motion to supplement the record and in arguing that the record was complete, responded to the petition for rehearing by now offering defendant's statement from its files. The appellate court this time granted the motion to supplement the record. The appellate court then rendered a modified order upon denial of rehearing again basing its affirmance on the content of defendant's statement. This procedure denied

defendant's counsel any opportunity to brief and argue in the appellate court the evidentiary value of defendant's statement.

A majority of this court determines that the absence of defendant's statement from the record on appeal is a circumstance chargeable to the defendant. Although it is certainly true that the party alleging error generally has the responsibility to preserve the record on appeal, here the defendant sought to fulfil that responsibility upon learning the record was incomplete by requesting that the State provide an important exhibit in its possession. I believe that the appellate court erred in refusing this request. The amendment of a record is governed by Supreme Court Rule 329 (134 Ill. 2d R. 329), which is a "broad provision" intended to facilitate the amendment of the record where necessary to supply omissions or correct inaccuracies. *People v. Chitwood*, 67 Ill. 2d 443, 447 (1977).

The majority determines the appellate court did not err in rejecting defendant's motion because a defendant cannot compel the State to supply exhibits in its possession. Why not? How else is a defendant going to obtain this document while it is in the State's files? Rule 329 provides that the appellant may be forced to pay costs of supplementing the record, but it says nothing about relieving the State from any responsibility to turn over a confession from its files in a murder case.

Unlike the majority, I do not believe that defendant's duty to insure a complete record on appeal relieves the State from the duty to produce a confession in its files inadvertently omitted from the record on appeal. Constitutional principles of due process and effective assistance of counsel require something more than affirming a murder conviction based upon critical evidence not part of the record on appeal. I would therefore order the appellate court to rehear the case, after giving

defendant's counsel and the State the opportunity to brief and argue the reasonable doubt issue with the benefit of the statement as part of the record.

JUSTICES BILANDIC and McMORROW join in this dissent.